436 So.2d 592 (1983)
A. Raoul BEZOU
v.
Margaret Gaines, Wife of A. Raoul BEZOU.
No. C 0977.
Court of Appeal of Louisiana, Fourth Circuit.
June 27, 1983.
Writ Granted June 17, 1983.
Stay Order Denied June 28, 1983.
*593 Robert C. Lowe, and Terence L. Hauver, New Orleans, for relator.
Lanny R. Zatzkis, Lynne W. Wasserman and Cindy M. Harris, New Orleans, for respondent.
Before SCHOTT, GARRISON and KLEES, JJ.
SCHOTT, Judge.
This is a battle between divorced parents over the custody of their two girls, ages 14 and 4. In August, 1982, when the divorce was decreed the custody of the two children was awarded to the mother. In March, 1983, the father moved for joint custody pursuant to Act 307 of 1982 and this motion was granted by judgment dated March 28. The judgment provided that the father was to have physical custody of the girls one day each week, on alternate weekends, and for two weeks during the summer. The mother was to have physical custody at other times, and both parents were to cooperate in making plans and decisions for the children.
The mother applied to this court for supervisory writs to change this judgment for reasons centered around the fact that she had taken a position in Washington, D.C. as an attorney with the National Labor Relations Board. She argued that joint custody was inappropriate in the face of her impending move and that the decree was constitutionally infirm because it was discriminatory and it interfered with her right to travel. We refused writs because, inter alia, we felt that her proper remedy was by appeal with a transcript of the testimony made available to us. However, upon her application the Supreme Court, 431 So.2d 1055, granted a writ on May 4, 1983, with the following disposition:
"The trial court order of March 28, 1983, is set aside insofar as it might prohibit Ms. Bezou from moving to Washington, D.C. with the children, the case is remanded to the trial court to fashion a suitable order for custody and visitation under the circumstances of the case."
On June 3 the trial court rendered judgment awarding custody of the fourteen year old to the mother, and the four year old to the father. On June 13 the mother applied to this court for supervisory writs complaining that the trial court had "ignored" the Supreme Court's directions, that the judgment of the trial court was not in the best interests of the children, and that her right to travel was violated. This time the entire transcript of the hearing held on March 21, 1983, was attached to her application. We reviewed this transcript, studied the trial judge's lengthy reasons for his judgment of June 3, considered the mother's arguments, and concluded that the judgment was not abusive of the trial court's great discretion in a custody case.
On June 17 the Supreme Court once again granted a writ on the mother's application with the following disposition:

*594 "Granted. Execution of the judgment of the trial court is stayed. The case is remanded to the Court of Appeal to decide the merits of the custody issue on the entire record after briefing and argument by the parties. In the meantime, the mother shall retain unlimited custody, (which she has exercised for the entire lives of both children), and the trial court shall retain jurisdiction to fix reasonable visitation privileges in the light of the mother's relocation outside of Louisiana."
In compliance with that directive we have permitted the parties to supplement the record with whatever material they wished to provide, we have gotten additional briefing, and we have heard oral argument.
The guiding principles in this case require no citation of authority. They are ingrained in the jurisprudence and have been repeated in dozens of cases. An award of custody must be based solely on the best interests of the child; the trial judge is clothed with great discretion in deciding who is to have custody; and a custody award will not be disturbed absent a clear abuse of discretion.
In this case the father is a successful physician, and the mother a successful lawyer. Both being well educated, professional people, there is no suggestion that either would not be a fit custodial parent. In the old days the mother would have had the maternal preference rule to assist her, but in this time of equality both parents must be regarded as equally qualified to rear the children. The mother's best argument that she can better relate to the little girl since they are both females makes sense, but it is not decisive. Nor is her argument that the two siblings should not be separated. There is a considerable age difference between them and it seems of some significance that the older child is from the mother's first marriage, and, although adopted by respondent, she is not his natural child. Finally, it is of some significance that this mother as a professional woman will be understandably busy in the pursuit of her career. She will not be a traditional housewife available to her child at all hours of the day. She argues that her work schedule will permit her enough free time to provide companionship for her child, but we cannot overlook the fact that her time will not be her own considering that she is taking an important position and is pursuing a rewarding professional career. This is not to say or even suggest that this is unbecoming or that it makes her an unfit custodial parent. But it does place her on a somewhat equal footing with the physician father in this contest over which parent can better nurture and provide loving care for this child.
The four year old child is stricken with cystic fibrosis, her condition described by her physician as "mild." This physician testified that the child could go to Washington where there are adequate medical facilities available for the treatment of the disease. He saw no problem in sending the child's X-rays and medical history to a Washington specialist who could continue to treat the child. On the other hand, this physician possesses a reputation and credentials which are most impressive. He has been treating the child since she was thirteen months of age. He knows his patient and she knows him. It cannot be gainsaid that moving the child will replace a known, highly competent treating physician with an unknown quantity. Furthermore, the child's father as a practicing urologist is a member of this medical community. He has a rapport with physicians and hospitals in this area which provides him with an ease of communication with them. This offers some advantage to the child.
We are aware of the Supreme Court's parenthetical remark that the mother has had unlimited custody over both children for their entire lives. However, the father did also with respect to the younger child until the parties separated in June, 1981, when the child was 2½. Since that time he has enjoyed visitation rights so that we do not perceive any traumatic disruption in the award of custody to the father at this time. There is no evidence in the record that notions of stability of environment militate *595 against the particular custody award under consideration.
Much of the mother's argument in this court is in defense to charges leveled against her by the trial judge in his reasons and in criticism of some of his remarks. Regardless of the fact that some of these statements are quite strong, the bottom line of his reasons is that the best interests of this four year old were served by placing her custody with the father. While his statements are ambiguous to the effect that he would prefer not to give sole custody of the child to the father, we understand him to mean that both parents leave something to be desired and this is the best he can do under the circumstances. We repeat what we said when we received this case before, the trial judge made a hard decision and we find no abuse of discretion such as to warrant a change on the appellate level. The judgment is affirmed.
AFFIRMED.